```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
_____

CHARLOTTE Y. HOLMES,            )
                                )
     Plaintiff,                 )
                                )
v.                              )      No. 22-02114-MSN-tmp
                                )
DOLLAR TREE STORES, INC.        )
                                )
     Defendant.                 )
_____

                      REPORT AND RECOMMENDATION
_____
```

Before the court is a Motion to Dismiss filed by defendant Dollar Tree Stores, Inc. ("Dollar Tree") on March 28, 2022.[1] (ECF No. 11.) *Pro se* plaintiff Charlotte Holmes filed a response along with a Motion for Leave to File an Amended Complaint and a "Motion for Protection Order" [sic] on July 11, 2022.[2] (ECF No. 21.) In reply, Dollar Tree filed a brief in support of their motion to dismiss and a response in opposition to Holmes's motion for leave to amend on August 15, 2022. (ECF No. 28.) For the reasons below, it is recommended that Holmes's motion for leave to amend be granted, and that the motion to dismiss be granted in part and

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2] This court entered a protective order on September 1, 2022. (ECF No. 29.)

denied in part.

## I. PROPOSED FINDINGS OF FACT

On May 28, 2021, Holmes filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that Dollar Tree discriminated against her based on her age and disability. (ECF No. 11-2.) Holmes indicated that the discrimination in question took place on August 14, 2020. (Id.) The entirety of her charge was as follows:

> I was hired by the above-named company in June 2019, as a Cashier.
>
> On my date of hire I informed the company of my disability. In February 2020 I was transferred to a store in the Chattanooga, TN region. In May 2020, I Spoke with Andrea LNU, White Female, Supervisor, and requested a transfer and it was denied. On or around May 27, 2020, I requested a reasonable accommodation to attend my doctor appointments as needed and before my start date at my new location I asked if I could start working in August 2020 for less traveling to and from my doctor appointments. My request was approved. In June and July 2020, I called Andrea several times and requested to be transferred back to my old location in Southaven, MS due to my doctor appointments in that area and I never received a response. I was discharged on August 14, 2020, for job abandonment in which, I deny.
>
> I believe that I was discriminated against because of my age 44, in violation of the Age Discrimination in Employment Act and because of my disability, in violation of the Americans with Disabilities Act Amendments Act.

(ECF No. 11-2) (errors in original.) The EEOC issued a right to sue letter on January 10, 2022, which Holmes received on February 16, 2022. (ECF No. 1.)

Holmes filed her complaint in this case on February 18, 2022. (ECF No. 1.) She also filed an application to proceed *in forma pauperis*, which was granted. (ECF Nos. 2; 7.) In the initial complaint, Holmes indicated that her employment discrimination claim was being brought pursuant to Title VII, the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). (ECF No. 1.) She alleged discriminatory conduct that included termination of her employment, failure to accommodate her disability, and unequal terms and conditions of her employment. (Id. at 3.) Holmes wrote that the alleged discriminatory acts occurred in May and June of 2020. (Id.) This differed from Holmes's EEOC charge, where she indicated that the date of discrimination was August 14, 2020. (ECF No. 11-2.) Holmes set forth the facts of her case as follows:

> I am a qualified individual with a disability and my employer, The Defendant wrongfully terminated me because of it. The Defendant denied me a reasonable accommodation even though I made them aware of my disability.
>
> The Defendant violates Title IV, the American with Disability Act and the Genetic Information Nondiscrimination Act when they unlawfully discriminated against me.

(ECF No. 1) (errors in original.)

On March 28, 2022, Dollar Tree filed a motion to dismiss Holmes's complaint, arguing that Holmes's complaint should be dismissed because:

- 3 -

> (1) Plaintiff failed to file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discrimination; (2) the Complaint fails to allege facts sufficient to establish a plausible claim for relief; (3) Holmes has failed to exhaust her administrative remedies as to her Title VII claim; and (4) Holmes has failed to make effective service of process on Dollar Tree.

(ECF No. 11-1.)

Holmes filed a response to Dollar Tree's motion to dismiss as well as a motion for leave to file an amended complaint and a motion for protective order. (ECF No. 21.) She conceded that she had not included a Title VII claim in her EEOC charge, and that she therefore had not exhausted her administrative remedies with respect to that claim. (ECF No. 21 at PageID 81.) Thus, in her proposed amended complaint, she voluntarily withdrew her Title VII claim, leaving only her allegations under the ADA and ADEA. (ECF No. 21-4 at PageID 105.) Responding to Dollar Tree's argument that her claims were time-barred, Holmes wrote that she "mistakenly stated in [her] original complaint that the discriminatory acts occurred earlier than they did." (ECF No. 21 at PageID 81.) The proposed amended complaint indicates that the dates of discrimination were "August and/or Sept 2020." (ECF No. 21-4 at PageID 107.) There, Holmes elaborates on the facts of her initial complaint, writing:

> My former employer, Dollar Tree wrongfully terminated me, treated me differently because of my age (which was 43 at the time) and failed to accommodate my

> disability. I was also subjected to unequal terms and conditions of employment.
>
> Specifically, the Defendant failed to accommodate my disability after I requested not to be added to the schedule until August 2020, so I can attend my mandatory counseling appointments concerning my mental health disability as required by the government agency that oversees my college sponsorship. I am diagnosed with a psychiatric disability (Borderline Personality Disorder) as well as a learning disability, (Executive Functioning Disorder) which both require ongoing management of symptoms and following the psychiatrist or psychologist recommendations as required by the Mississippi Department of Rehabilitations Services. Additionally, I was subjected to unequal terms and conditions of my employment when my new store manager (Ms White) refused to give me any contact information of managers or supervisors so I could have properly kept contact about my job. Thus, other employees are given contact information to management and supervisors so they can contact accordingly by text (or call a supervisor or manager's cell) as the need arises (in the event of an absence or to report a tardy).
>
> The violations of which I complained are violations of the Americans with Disability Act Amended and of the Age Discrimination in Employment Act of 1967.

(ECF No. 21-4 at PageID 109) (errors in original.)

Dollar Tree responded with an opposition to Holmes's motion, arguing that any amended complaint would be subject to dismissal and therefore futile. (ECF No. 28 at PageID 142.) They also filed a reply brief in support of their motion to dismiss, reiterating their contention that Holmes had failed to set forth any plausible claim for discrimination. (ECF No. 27.)

## II.    PROPOSED CONCLUSIONS OF LAW

**A.    Legal Standard**

Motions for leave to amend should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). To determine whether the amendment could withstand a Rule 12(b)(6) motion to dismiss, the court must consider whether the amendment states a claim on which relief may be granted under the standards set forth in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679.

"*Pro se* complainants are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are

not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of pro se complaint and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)); Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating that "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B.     Timeliness of EEOC Charge**

Dollar Tree argues that Holmes's proposed amendment would be futile because the allegations in the proposed amended complaint

- 7 -

are untimely. (ECF No. 28.) Generally, a motion under Rule 12(b)(6) is an "'inappropriate vehicle' for dismissing a claim based upon a statute of limitations." Lutz v. Chesapeake Appalachia, L.L.C., 717 F.3d 459, 464 (6th Cir. 2013) (quoting Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012)). However, if the allegations in a complaint "affirmatively show that a claim is time-barred," then "dismissing the claim under Rule 12(b)(6) is appropriate." Cataldo, 676 F.3d at 547; see also Jones v. Bock, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). In that instance, the plaintiff bears the burden of affirmatively pleading an exception to the statute of limitations. Reid v. Baker, 499 F. App'x 520, 524 (6th Cir. 2012); see also Auslender v. Energy Mgmt. Corp., 832 F.2d 354, 356 (6th Cir. 1987); Alsbrook v. Concorde Career Colleges, Inc., 469 F. Supp. 3d 805, 823 (W.D. Tenn. 2020).

When considering whether a complaint is subject to dismissal, the court is generally prohibited from considering materials outside of the pleadings, as doing so can convert the motion to one for summary judgment. Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016); see also Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010). However, "a court may consider exhibits attached to the complaint, public records, items appearing in the

record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." Gavitt, 835 F.3d at 640; see also Kreipke v. Wayne State Univ., 807 F.3d 768, 774 (6th Cir. 2015); Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). EEOC charge-of-discrimination forms are considered public records for this purpose. Rhea v. Dollar Tree Stores, Inc., 395 F. Supp. 2d 696, 703 (W.D. Tenn. 2005).

Taking these materials into consideration, the undersigned finds that the allegations in Holmes's proposed amended complaint affirmatively show that, absent the application of the discovery rule, her claim is time-barred. An individual filing a charge with the EEOC must do so within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); see also Jones v. City of Franklin, 309 F. App'x 938, 944-45 (6th Cir. 2009); Tartt v. City of Clarksville, 149 F. App'x 456, 460 (6th Cir. 2005) (Tennessee is a "deferral state," meaning that the 300-day statute of limitations applies). Holmes filed her charge of discrimination with the EEOC on May 28, 2021. (ECF No. 21-4 at PageID 111.) In order for her charge to be timely, the discriminatory act must have occurred on or after August 1, 2020. Holmes wrote in her complaint that the allegedly discriminatory acts occurred on "August and/or Sept 2020." (ECF No. 21-4 at PageID 107.) However,

Holmes clarified in her motion for leave to amend that August was when she learned that she had been terminated for job abandonment "over a month ago," meaning at some point in June or July of 2020. (ECF No. 21 at PageID 79.) Holmes's proposed amended complaint alleges termination of her employment, failure to accommodate her disability, and unequal terms and conditions of her employment. (ECF No. 21-4 at PageID 107.) Any unequal conditions or failure to accommodate would have necessarily occurred prior to Holmes's termination in June or July. As such, it appears from the face of the complaint that all the alleged discriminatory conduct occurred prior to August 1, 2020, and is therefore outside the statute of limitations.

The burden thus shifts to Holmes to affirmatively plead an exception to the statute of limitations. Reid, 499 F. App'x at 524. Construing Holmes's pleadings liberally, the undersigned interprets Holmes's motion as arguing that she should be given the benefit of the discovery rule. In applicable cases, the discovery rule dictates that the limitations period start "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." Ruiz-Bueno v. Maxim Healthcare Servs., Inc., 659 F. App'x 830, 833 (6th Cir. 2016) (quoting Cooey v. Strickland, 479 F.3d 412, 416 (6th Cir. 2007)). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Ruiz-Bueno, 659 F.

App'x at 834 (6th Cir. 2016) (quoting Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984)). "Discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." Rotella v. Wood, 528 U.S. 549, 555 (2000).[3]

The undersigned finds that there are facts sufficient to support potential relief under the discovery rule, such that permitting the filing of Holmes's proposed amended complaint would not be futile. The allegations in the complaint plausibly allege that despite exercising reasonable diligence, Holmes neither knew, nor had reason to know, of the alleged injury until August of 2020. In her motion for leave to amend, Holmes writes that she was transferred to Dollar Tree at the end of May of 2020. (ECF No. 21 at PageID 79.) At the time of her transfer, Holmes spoke to a Dollar Tree manager and requested a "delayed start date" to allow

---

[3] The Sixth Circuit has previously applied the discovery rule to claims brought under the ADA. J.H. v. Ohio Dep't of Job & Fam. Servs., No. 2:21-CV-206, 2021 WL 5240231, at *2 (S.D. Ohio Sept. 14, 2021); see, e.g., J. Endres v. Ne. Ohio Med. Univ., 938 F.3d 281, 292 (6th Cir. 2019). While it has not applied the rule to any claims brought under the ADEA, it has noted that the test does apply to those claims. Cline v. BWXT Y-12, LLC, 521 F.3d 507, 512 (6th Cir. 2008) (referencing "the discovery rule that applies to Title VII and ADEA claims"). Other Circuits have directly applied the discovery rule to ADEA claims. See, e.g., Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 286-88 (3d Cir. 2003); Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990); cf. Hamilton v. 1st Source Bank, 928 F.2d 86, 88-89 (4th Cir. 1990) (*en banc*) ("To the extent that notice enters the analysis, it is notice of the employer's actions, *not* the notice of a discriminatory effect or motivation, that establishes the commencement of the pertinent filing period.") (emphasis in original).

her to attend psychological counseling. (Id.) According to Holmes, the manager "agreed not to schedule [her] until August." (Id.) Holmes called the manager several times in June and July of 2020 to discuss another transfer, but "never received a response." (ECF No. 21-4 at PageID 111.) It is unclear whether Holmes spoke to an employee of Dollar Tree but did not receive a response regarding her request, or whether she never spoke to anyone at all. Nonetheless, despite Holmes's purported agreement with the store manager and her continued contact throughout the summer, she was not notified of Dollar Tree's decision to terminate her until she returned to the store on approximately August 27, 2020. (ECF No. 21 at PageID 79.) Holmes has plausibly alleged that she did not have notice in June or July that she had been terminated for job abandonment. For these reasons, the undersigned finds there is enough support for potential relief under the discovery rule that granting leave for Holmes to amend her complaint would not be futile.

**C.    Failure to State a Claim**

Dollar Tree further argues that Holmes's proposed amendment would be futile because it fails to state a claim. (ECF No. 28 at PageID 146-49.) For the following reasons, the undersigned finds that Holmes's proposed amended complaint fails to allege facts sufficient to state a plausible age discrimination claim, but it

succeeds in alleging facts sufficient to state a plausible disability discrimination claim.

   1.   ADEA Claim

The ADEA prohibits age discrimination against employees who are over the age of forty. 29 U.S.C. §§ 623(a). In order to survive a motion to dismiss, a complaint alleging age discrimination must contain sufficient factual content from which a court could draw a reasonable inference that the plaintiff's employer discriminated against her with respect to her age. House v. Rexam Beverage Can Co., 630 F. App'x 461, 463 (6th Cir. 2015) (quoting Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012)) (internal quotations omitted). ADEA plaintiffs need not establish all elements of a *prima facie* case of age discrimination; rather, ADEA plaintiffs must only satisfy the simple pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510–14 (2002).

Holmes's proposed amended complaint does not satisfy the requirements of Rule 8(a)(2). To support her ADEA claim, Holmes writes that Dollar Tree "treated [her] differently because of [her] age (which was 43 at the time)." (ECF No. 21-4 at PageID 109.) Beyond this assertion, Holmes does not allege any additional facts clarifying what age-based differential treatment Dollar Tree engaged in. For this reason, the undersigned finds that granting leave to amend would be futile, as any amendment would not

withstand a motion to dismiss. It is therefore recommended that leave to amend the ADEA claim be denied, and that Dollar Tree's motion to dismiss as to this claim be granted.

2.  ADA Claim

In contrast, Holmes's proposed amended complaint does allege facts sufficient to state a plausible disability discrimination claim under either a failure-to-accommodate or wrongful-discharge theory. In order to state a claim of discrimination under the ADA based on a failure to accommodate, Holmes must plead facts that make plausible the inference that (1) she was disabled within the meaning of the ADA; (2) she was otherwise qualified for the position, with or without reasonable accommodation; (3) Dollar Tree knew or had reason to know about Holmes's disability; (4) Holmes requested an accommodation; and (5) Dollar Tree failed to provide the necessary accommodation. Kirilenko-Ison v. Bd. of Educ. of Danville Indep. Sch., 974 F.3d. 652, 669 (6th Cir. 2020) (citing Brumley v. United Parcel Serv., Inc., 909 F.3d 834, 839 (6th Cir. 2018)).

Holmes's proposed amended complaint alleges facts consistent with these elements. First, Holmes plausibly alleges that she is disabled within the meaning of the ADA. "An individual is considered 'disabled' under the ADA if she (1) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (2) has a record of such

impairment, or (3) is regarded by her employer as having such an impairment." Gruener v. Ohio Casualty Ins. Co., 510 F.3d 661, 664 (6th Cir. 2008) (quoting Sullivan v. River Valley Sch. Dist., 197 F.3d 804, 810 (6th Cir. 1999)) (internal quotations omitted). Holmes writes that she suffers from borderline personality disorder and executive function disorder. (ECF No. 21-4 at PageID 109.) As a result of these conditions, she suffers from emotional outbursts, paranoia, and suicidal and homicidal ideations. (ECF No. 21 at PageID 79.) The alleged impact of these conditions on her life qualifies Holmes's mental impairments as disabilities under the ADA. Second, it appears from Holmes's motion for leave to amend that she was otherwise qualified for the position at Dollar Tree, as she had previously held the same position at other Dollar Tree locations. (Id. at PageID 77-78.) Third, Dollar Tree allegedly had reason to know about Holmes's disability, because she requested an accommodation from Dollar Tree in order to attend psychological counseling. (Id. at PageID 79.) Fourth, Holmes alleges that she requested accommodation for her disability in the form of a delayed start date. (Id.) Fifth, Dollar Tree allegedly did not provide this accommodation, because they terminated Holmes rather than honor the agreed-upon August start date. Together, these facts give rise to a plausible claim for disability discrimination under a failure-to-accommodate theory.

In order to state a claim of wrongful discharge under the ADA, Holmes must plead facts that make plausible the inference that (1) she is disabled, (2) she is qualified to perform her job requirements with or without reasonable accommodation, and (3) she would not have been discharged but for the disability. Darby v. Childvine, Inc., 964 F.3d 440, 444 (6th Cir. 2020); Lewis v. Humboldt Acquisition Corp., 681 F.3d 312, 321 (6th Cir. 2012) (*en banc*). The first two elements, discussed above, are satisfied by Holmes's complaint. Holmes has also alleged facts sufficient to plausibly suggest that she would not have been discharged but for her disability. The reason given to Holmes for her termination was "job abandonment." (ECF No. 21-4 at PageID 111). However, according to her EEOC charge, the reason Holmes did not report to Dollar Tree was because they had agreed to a delayed start date. It is therefore plausible from Holmes's proposed amended complaint that her disability, and the accommodation thereof, were the cause of her termination from Dollar Tree. For these reasons, Holmes's proposed amended complaint sets forth a plausible claim for disability discrimination under a wrongful-discharge theory as well. It is therefore recommended that leave to amend the ADA claim be granted, and that Dollar Tree's motion to dismiss as to this claim be denied.

**D.   Failure to Exhaust Administrative Remedies**

In their motion to dismiss, Dollar Tree argues that Holmes's Title VII claim should be dismissed due to her failure to exhaust administrative remedies. "An employee alleging employment discrimination in violation of [Title VII] must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts." Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010). A plaintiff is not permitted to bring claims in a lawsuit that were not previously alleged in her EEOC charge. Id. In Holmes's initial complaint, she indicated that her action was being brought pursuant to Title VII. (ECF No. 1.) However, Holmes's EEOC charge only alleged discrimination based on age and disability. (ECF No. 21-4 at PageID 111.) In her motion for leave to amend, Holmes concedes that she "mistakenly checked the box for the Title IV claim on the original claim." (ECF No. 21 at PageID 81.) Her proposed amended complaint omits the Title VII claim. (ECF No. 21-4 at PageID 105.) In light of Holmes's voluntary withdrawal, the undersigned recommends that Dollar Tree's motion to dismiss the Title VII claim be granted.

### III. RECOMMENDATION

Based on the above, the undersigned recommends that Holmes's motion for leave to amend be granted, and that Dollar Tree's motion to dismiss be granted in part and denied in part.[4]

---

[4]Based on the above recommendation granting leave to file an amended complaint, the undersigned need not reach the issue of

- 17 -

Respectfully submitted,


s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 2, 2022
Date


**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

whether the original complaint was properly served by the U.S. Marshals.