IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CHARLOTTE Y. HOLMES,

    Plaintiff,

v.                                                    Case No. 2:22-cv-2114-MSN-tmp

DOLLAR TREE STORES, INC.,

    Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION,
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
PLAINTIFF'S COMPLAINT,
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
LEAVE TO AMEND, AND
ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

---

      Before the Court is the Chief Magistrate Judge's Report and Recommendation (ECF No. 30, "Report") entered September 2, 2022. Defendant filed a Motion to Dismiss on March 28, 2022 (ECF No. 11, "Motion"). Plaintiff filed a response in opposition to the Motion (ECF No. 21 at PageID 76–82), along with a Motion for Leave to File Amended Complaint (*id.* at PageID 83–85), a proposed amended complaint (ECF No. 21-4 at PageID 105–13), and supporting exhibits (*see* ECF Nos. 21-1, 21-2, 21-3, and 21-4 at PageID 93–104). The Report recommends that (1) as to Plaintiff's Title VII claim, Defendant's Motion to Dismiss be granted (*see* ECF No. 30 at PageID 178), (2) as to Plaintiff's ADEA claim, her Motion for Leave to Amend be denied and Defendant's Motion to Dismiss be granted (*see id.* at PageID 175), and (3) as to Plaintiff's ADA claim, Plaintiff's Motion for Leave to Amend be granted and Defendant's Motion to Dismiss denied (*see id.* at PageID 177). Plaintiff and Defendant had 14 days to submit objections to the Report.

Fourteen days have passed, and neither Plaintiff nor Defendant has submitted objections to the Report.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should

be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

The Chief Magistrate Judge issued his Report on September 2, 2022. (ECF No. 30.) To date, neither Plaintiff nor Defendant has submitted objections to the Report's findings or recommendations, and the deadline for doing so has expired. The Court has reviewed the Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Report in its entirety, and it is **ORDERED** as follows:

**(1)** Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's Title VII claim;

**(2)** Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's ADEA claim and Plaintiff's Motion for Leave to Amend is **DENIED** as to her ADEA claim;

**(3)** Defendant's Motion to Dismiss is **DENIED** as to Plaintiff's ADA claim and Plaintiff's Motion for Leave to Amend is **GRANTED** as to her ADA claim; and

**(4)** Plaintiff is **ORDERED** to file her amended complaint consistent with the Report and this Order within **twenty-one (21) days of the date of this Order**.

**IT IS SO ORDERED**, this 20th day of September 2022.

> *s/ Mark S. Norris*
> MARK S. NORRIS
> UNITED STATES DISTRICT JUDGE